

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

      Opinion No. O-4155
      Re: Mileage fees in felony
       examining trials.

  Your request for opinion has been received and carefully considered by this department. Your request reads as follows:

    "I enclose herewith copy of my opinion to Jesse Jenkins, Deputy Sheriff, and which is self-explanatory.

    "I would thank you to advise me if I have advised Mr. Jenkins correctly."

  Your letter to Mr. Jenkins reads as follows:

    "You have advised me that upon a warrant of arrest issued by a justice of peace in Turkey, Texas, charging a person with forgery, a felony, you arrested the accused at night and at such an hour as to be impracticable to hold an examining trial, and that you conveyed the prisoner to the county jail in Memphis, approximately 46 miles from Turkey. The justice of peace set the examining trial for the next day and you came to Memphis from Turkey and carried the prisoner back to Turkey where the examining trial was held, and upon commitment you again took the prisoner to Memphis and confined him in the county jail.

    "You have asked my opinion as to whether you are entitled to mileage to be paid by the

IMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY ...

720

State, assuming the prisoner to be indicted
by the grand jury, in carrying the prisoner
from Memphis to Turkey for the examining trial
and then taking him back to the county jail
in Memphis.

"You are advised that an accused is en-
titled to an examining trial, unless he waives
same. Art. 245, et seq., C. C. P. At the time
you arrested the accused the hour was imprac-
tical to hold an examining trial and you did
what you could only do, place him in the county
jail at Memphis. The next day the examining
trial was held and you took the prisoner to
Turkey, a distance of some 46 miles, and after
the trial was held, the accused being in de-
fault of bail, you took him to the county jail
in Memphis and there committed him.

"In my opinion you are entitled to mile-
age of $.15 per mile from Memphis to Turkey
and return, to be paid by the State upon
proper bill, and after the prisoner is in-
dicted by a grand jury. Of course you would
also be entitled to the regular felony mile-
age for arresting and putting the accused in
jail in the first place."

Article 1020, Vernon's Annotated Texas Code of
Criminal Procedure, reads in part as follows:

"Sheriffs and Constables serving process and
attending any examining court in the examination
of any felony case, shall be entitled to such fees
as are fixed by law for similar services in mis-
demeanor cases in County Court to be paid by the
State, not to exceed Four and No/100 ($4.00) Dol-
lars in any one case, and mileage actually and
necessarily traveled in going to the place of ar-
rest, and for conveying the prisoner or prisoners
to jail as provided in Articles 1029 and 1030, Code
of Criminal Procedure, as the facts may be, but no
mileage whatever shall be paid for summoning or
attaching witnesses in the county where case is
pending. Provided no sheriff or constable shall

receive from the State any additional mileage
for any subsequent arrest of a defendant in the
same case, or in any other case in an examining
court or in any district court based upon the
same charge or upon the same criminal act, or
growing out of the same criminal transaction,
whether the arrest is made with or without a
warrant, or before or after indictment, and in
no event shall he be allowed to duplicate his
fees for mileage for making arrests, with or
without warrant, or when two or more warrants
of arrest or capiases are served or could have
been served on the same defendant on any one
day.

". . .

"The fees mentioned in this Article shall
become due and payable only after the indict-
ment of the defendant for an offense based
upon or growing out of the charge filed in the
examining court and upon an itemized account, sworn
to by the officers claiming such fees, approved by
the Judge of the District Court, and said County
or District Attorney shall present to the District
Judge the testimony transcribed in the examining
trial, who shall examine the same and certify that
he has done so and that he finds the testimony of
one or more witnesses to be material; and provided
further that a certificate from the District Clerk,
showing that the written testimony of the material
witnesses has been filed with said District Clerk,
in accordance with the preceding paragraph, shall
be attached to said account before such District
or County Attorney shall be entitled to a fee in
any felony case for services performed before an
examining court.

"Only one fee shall be allowed to any officer
mentioned herein for services rendered in an
examining trial, though more than one defendant
is joined in the complaint, or a severance is had.
When defendants are proceeded against separately,
who could have been proceeded against jointly, but
one fee shall be allowed in all cases that could

so joined. No more than one fee shall be allowed to any officer where more than one case is filed against the same defendant for offenses growing out of the same criminal act or transaction. The account of the officer and the approval of the District Judge must affirmatively show that the provisions of this Article have been complied with."

Article 1030, Vernon's Annotated Texas Code of Criminal Procedure, reads in part as follows:

"In each county where there have been cast at the preceding presidential election less than 3,000 votes, the sheriff or constable shall receive the following fees when the charge is a felony:

"1. For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, the sum of one dollar; and five cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying the prisoner or prisoners to jail, mileage, as provided for in subdivision 4 shall be allowed; provided, that in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply: For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, three dollars and fifteen cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided for in subdivision 4 shall be allowed; and one dollar shall be allowed for the approval of a bond.

". . .

"For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

The case of Binford v. Robinson, 244 S. W. 807 held that a sheriff was entitled to ten cents per mile for himself and ten cents per mile for the prisoner, where only one was conveyed.

Article 1031, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"When services have been rendered by any peace officer other than a sheriff, such as are enumerated in the two preceding articles, such officer shall receive the same fees therefor as are allowed the sheriff. The same shall be taxed in the sheriff's bill of costs, and noted therein as costs due such peace officer; and when received by such sheriff, he shall pay the same to such peace officer."

Less than 3,000 votes were cast in the last Presidential election in Hall County. The population of Hall County is less than 40,000 inhabitants according to the 1940 Federal census. The county officers of Hall County are also compensated upon a fee basis.

Under Article 1031, V. A. T. C. C. P., supra, the Deputy Sheriff cannot file a claim with the State Comptroller for his mileage and fees. The claim must be filed by the sheriff.

It is our opinion under the facts stated upon a proper claim filed by the Sheriff the following mileage fees should be allowed by the State Comptroller: 15 cents per mile from Turkey to the place of arrest; 30 cents per mile from the place of arrest to Turkey; no mileage whatever from Turkey to Memphis and from Memphis to Turkey where the prisoner was transported by the officer prior to examining trial for the convenience of the officer; after the examining trial was had in Turkey and the prisoner was committed by the justice to the county jail at Memphis 30 cents per mile for taking the prisoner from Turkey to Memphis and 15 cents per mile for the officer returning from Memphis to Turkey.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

APPROVED DEC 8, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

William J. Fanning
Assistant

WJF:WFS

